UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAIR W. OLSZEWSKI,

        Plaintiff,　　　　　　　　　　　Case Number 12-13508
　　　　　　　　　　　　　　　　　　　　　　　Honorable David M. Lawson
v.　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

The plaintiff filed the present action on August 9, 2012 seeking review of the Commissioner's decision denying the plaintiff's claim for supplemental security income under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award the plaintiff benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on July 12, 2013 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response to the objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now thirty-three years old, filed his application for disability insurance benefits on April 21, 2010, when he was thirty. The plaintiff received his GED certificate in 2000 and before April 2010 had worked briefly as a construction worker. He alleges a disability onset date of April 16, 2010. The plaintiff has been diagnosed with ateriovenous malformation (AVM)

of the left lower extremity with muscular atrophy, a history of radial neuropathy of the right wrist, possible von Willebrand's disease (a blood coagulation disorder), Tourette's Syndrome (a neuropsychiatric disorder characterized by multiple physical (motor) and vocal (phonic) tics), a history of spontaneous subarachnoid hemorrhage in the remote past, right inguinal hernia, and lumbar myositis. At the time of the hearing on his claim for benefits, the plaintiff was not taking any medications.

On April 21, 2010, the plaintiff filed his claim for disability benefits, alleging that he became disabled on April 16, 2010. The claim was denied at the administrative level on July 14, 2010, and on August 19, 2010, the plaintiff filed a written request for a hearing on his claim. On November 16, 2010, the plaintiff appeared before administrative law judge (ALJ) Donald G. D'Amato for a hearing. On December 3, 2010, the ALJ issued a written decision in which he found the plaintiff not disabled. On June 7, 2012, the Appeals Council denied review of the ALJ's decision.

ALJ D'Amato found that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920. He found that the plaintiff had not engaged in substantial gainful activity since April 21, 2010 (step one); the plaintiff suffered from ateriovenous malformation (AVM) of the left lower extremity with muscular atrophy, a history of radial neuropathy of the right wrist, possible von Willebrand's disease, Tourette's Syndrome, a history of spontaneous subarachnoid hemorrhage in the remote past, right inguinal hernia, and lumbar myositis, impairments which were "severe" within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could no longer perform the construction work he had briefly engaged in before his alleged disability, but that in any event he had no past relevant work

history, because his brief time spent doing construction work did not constitute substantial gainful activity (step four).

In applying the fifth step, the ALJ concluded that the plaintiff could perform light work at a sedentary exertional level with certain limitations. The ALJ found that the plaintiff had the nonexertional limitation that the work must be simple and unskilled. The ALJ also found that the plaintiff had the following exertional limitations: the work must be limited to lifting no more than ten pounds frequently and twenty pounds occasionally; the plaintiff can stand or walk with normal breaks for a total of two hours in an eight-hour workday, but for no more than fifteen minutes at a time; the plaintiff can sit with normal breaks for a total of six hours in an eight-hour workday, but for no more than fifteen minutes at a time; the plaintiff can perform pushing and pulling motions with the upper and lower right extremities within the stated weight restrictions, but can only do so occasionally with the lower left extremity; and the plaintiff must avoid climbing ladders, but is able to occasionally climb stairs with handrails and to balance, stoop, crouch, kneel, and crawl. The ALJ also found that the plaintiff must avoid hazards in the workplace such as moving machinery, unprotected heights, and vibrations. A vocational expert testified that the plaintiff would be able to perform unskilled work at a sedentary exertional level, including representative jobs such as surveillance system monitor, security entrance control, sorting and inspecting, packaging, telemarketing, and information clerk. The expert testified that there are around 10,000 such jobs in the southeastern Michigan region. Based on those findings and using Medical Vocational Rule 201.27 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on June 7, 2012.

The plaintiff filed his complaint in this Court and raised the following issues in his motion for summary judgment: *first*, that the ALJ's decision was not supported by substantial evidence because he confounded the maximum requirements for light and sedentary work in fashioning a hypothetical question to the vocational expert; and *second*, the ALJ improperly rejected the opinion of Dr. Mark Rosenberg on the plaintiff's limitations, which left the ALJ with no treating or examining source that gave any such opinions. The plaintiff also mentioned in his brief that the ALJ may have drawn an improper inference from the plaintiff's lack of medical treatment that the plaintiff's physical limitations were not severe, when the plaintiff testified that he lacked health insurance. The magistrate judge analyzed and rejected each of these arguments, although she did not mention specifically the matter of the alleged improper inference. The plaintiff filed two objections to the adverse recommendation.

### A. First Objection

The plaintiff argues that the ALJ improperly discounted the significance of consulting physician Dr. Mark Rosenberg's November 2010 examination of the plaintiff, based on the ALJ's conclusion that the restrictions that Dr. Rosenberg concluded the plaintiff had were more severe limitations than the medical evidence could support. The plaintiff contends that the ALJ had no medical information to support his conclusion contrary to Dr. Rosenberg's findings, because the ALJ did not order any separate evaluation or have a medical consultant review the record. The plaintiff argues that because Rosenberg's evaluation was the only current medical evidence as to the plaintiff's limitations, the ALJ was not free simply to disregard his conclusions.

The magistrate judge and the ALJ properly concluded that Dr. Rosenberg was not a treating source, and therefore his opinion did not enjoy the deference usually given to treating sources. *See*

*Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). Dr. Rosenberg is a nontreating but examining source because he examined Brooks only once. *See* 20 C.F.R. § 404.1502 (defining a nontreating source as "a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]"). The ALJ considered the appropriate factors when he decided to give Dr. Rosenberg's opinion little weight. *See* 20 C.F.R. § 404.1527(c)(3) (noting that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion").

The ALJ set forth a proper basis for discounting Dr. Rosenberg's conclusions because Dr. Rosenberg only examined the plaintiff once, the plaintiff could not recall who Dr. Rosenberg was or why he saw the plaintiff, and Dr. Rosenberg did not set forth any clear rationale for his opinion in the evaluation report. For example, Dr. Rosenberg expressed conclusions about the plaintiff's left hand function, but his evaluation focused on the plaintiff's right wrist. As the magistrate judge noted, the ALJ stated that the plaintiff sat without discomfort during the administrative hearing, and the plaintiff testified that he could do normal household chores, lift up to 50 pounds, and sometimes engaged in weight lifting exercises with up to 250 pounds. All of that was inconsistent with Dr. Rosenberg's opinions.

The plaintiff contends that without Dr. Rosenberg's opinions, there were no medical opinions in the record as to the plaintiff's limitations. However, the ALJ had the benefit of medical facts from the plaintiff's record of prior treatment. The Commissioner could have arranged for a consultative

examination, but was not obliged to do so. *See* 20 C.F.R. § 416.917; *see also Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citing *Landsaw v. Sec. of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986)). And the plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Court believes that the ALJ's consideration of Dr. Rosenberg's evidence was appropriate and supported by the administrative record. The first objection, therefore, will be overruled.

### B. Second Objection

The plaintiff argues that the ALJ improperly relied on the plaintiff's treating physician's statement in a 2006 examination allowing the plaintiff to return to work, because that examination happened four years before the alleged disability onset date. The plaintiff contends that the ALJ afforded improper significance to the lack of any more recent medical restrictions on the plaintiff's activity, since the plaintiff explained he had not sought more recent treatment because he lacked health insurance and could not afford it.

The plaintiff cites "SSR 96-70" in his brief and objection to the magistrate judge's report to support his argument. There is no such ruling; however Social Security Ruling (SSR) 96-7p addresses the issue. In context, that ruling states:

> [T]he individual's statements [about pain and self-described limitations] may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment.

SSR 96-7p, 1996 WL 374186, at *7.

The ALJ properly considered the plaintiff's failure to obtain medical treatment despite the plaintiff's claim that he could not afford it, because the doctors he actually saw did not recommend more extensive treatment than he received, the plaintiff's testimony about the severity of his medical conditions was inconsistent with a decision not to seek any further care, and there was no evidence that the plaintiff had sought free or low cost care. The ALJ also properly relied on the plaintiff's treating physician's evaluation from 2006, because there was no evidence that the condition of his leg had worsened since the 2006 treatment. In forming his conclusions, the ALJ also relied on evidence such as personal observation of the plaintiff's normal gait and ability to sit for an extended time during the hearing, and the fact that the plaintiff did not use any assistive device while walking. That evidence is permitted under SSR 96-7p as well. *See* SSR 96-7p, 1996 WL 374186, at *8 (allowing the adjudicator to "consider any personal observations in the overall evaluation of the credibility of the individual's statements").

The Court finds that the magistrate judge correctly addressed the question of the ALJ's credibility assessment and agrees with the conclusion that the ALJ's determination should not be disturbed. The second objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #14] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #15] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #10] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #12] is **GRANTED**. The findings of the Commissioner are **AFFIRMED** and the complaint is **DISMISSED WITH PREJUDICE**.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: September 30, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2013.

                                  s/Shawntel Jackson
                                  SHAWNTEL JACKSON